UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Vincent Jerode Beaton, *a/k/a Vincent J. Beaton*,   )   C/A No. 9:17-1157-CMC-BM
                                                                           )
                                 Plaintiff,             )
                                                                            ) **REPORT AND RECOMMENDATION**
vs.                                                                                 )
                                                                                 )
Judge Robert E. Hood; Tara Dawn Shurling,   )
*P.A.*; Judge Diaz; Judge Thacker; Judge Davis;   )
Judge Gregory; Judge Duncan; Judge Hamilton;   )
NFN Zannelli, *4th Circuit*; Patricia Connors, *4th*   )
*Circuit*; Judge Howe Hendricks; Judge West;   )
Judge Harwell; Judge Austin; Judge Wooten;   )
Judge Merchant; Judge Seymour; Judge Hodges;   )
Judge Gerbel; Judge Cain; All Other Judges of   )
the S.C. District Court in Its Entirety,   )
                                                                                )
                                   Defendants.    )
_____ )

The Plaintiff, Vincent Jerode Beaton, a/k/a Vincent J. Beaton,[1] proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. At the time Plaintiff filed this

---

[1] Plaintiff is an inmate with the South Carolina Department of Corrections (SCDC), housed at the Lieber Correctional Institution. In the "Plaintiffs" section of his Complaint, Plaintiff also lists the names of other inmates housed at the Lieber Correctional Institution. However, only Plaintiff has signed the Complaint, and to the extent that Plaintiff is attempting to assert claims on behalf of other inmates, he may not do so. See Laird v. Tatum, 408 U.S. 1 (1972); see also ValleyForge Christian Coll. v. Americans United for Separation of Church & State, 454 U.S. 464, 482 (1982); Flast v. Cohen, 392 U.S. 83, 99 (1968)[a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, such that the merits of the case are irrelevant]; Lake Carriers Ass'n v. MacMullan, 406 U.S. 498, 506 (1972); Hummer v. Dalton, 657 F.2d 621, 625-626 (4th Cir. 1981)[a prisoner cannot act as a "knight-errant" for others]. Cf. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)[a pro se prisoner cannot be an advocate for others in a class action]. It is noted, however, that other inmates at the Lieber Correctional Institution have filed actions similar to the present one. See, e.g., Mitchell v. Hood, No. 5:17-cv-01363-BHH-KDW (D.S.C.); Duren v. Hood, No. 2:17-cv-01127-JMC-MGB (D.S.C.); Crawford v. Hood, No. 9:17-cv-01140-TLW-BM (D.S.C); Muquit v. Hood, No. 8:17-cv-01804-RBH-JDA (D.S.C).



action he was an inmate at the Lieber Correctional Institution, but he is currently an inmate at the Ridgeland Correctional Institution of the SCDC.

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Publ. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, the undersigned has determined for the reasons set forth hereinbelow that this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

## Discussion

First, much of the Complaint (which contains disparaging and inflammatory language directed toward the Defendants) in this case can be characterized by what some courts have



described as "buzzwords" or "legalistic gibberish." See, e.g., Rochester v. McKie, No. 8:11–797, 2011 WL 2671228, at *1 (D.S.C. July 8, 2011) (citing Yocum v. Summers, No. 91–3648, 1991 WL 171389, at *1 (N.D.Ill. Aug. 30, 1991)). As such, many of Plaintiff's allegations are so generally incomprehensible and filled with what could only be considered by a reasonable person as unconnected, conclusory, and unsupported comments, or "gibberish," that it is unclear what is to be made of them. See Hagans v. Lavine, 415 U.S. 528, 536-537 (1974) [Noting that federal courts lack power to entertain claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit"]; see also Livingston v. Adirondack Beverage Co., 141 F.3d 434 (2nd Cir. 1998); Adams v. Rice, 40 F.3d 72 (4th Cir. 1994)[Affirming dismissal of plaintiff's suit as frivolous where allegations were conclusory and nonsensical on their face]. Moreover, as Plaintiff generally fails to include sufficiently clear factual allegations against the Defendants, his Complaint is in violation of the directive in Federal Rule of Civil Procedure 8(a) that pleadings shall contain "a short and plain statement" of the basis for the court's jurisdiction and of the basis for a plaintiff's claims against each defendant. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)[requiring, in order to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"].

Additionally, Defendants Judges Hood, Diaz, Thacker, Davis, Gregory, Duncan, Hamilton, Hendricks, West, Harwell, Austin, Wooten, Merchant,[2] Seymour, Hodges, Gerbel, Cain and "All other Judges of the S.C. District Court in its Entirety" all appear to be Judges or groups of Judges of the Fourth Circuit Court of Appeals, the District Court of the District of South Carolina,

---

[2]This appears to be the undersigned, with the name misspelled.



3

and South Carolina state courts, and as such are entitled to absolute judicial immunity from suit for all actions taken in their judicial capacities. See Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-64 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987)[a suit by South Carolina inmate against two Virginia magistrates]; Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985)["It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."]; see also Siegert v. Gilley, 500 U.S. 226 (1991) [immunity presents a threshold question which should be resolved before discovery is even allowed]; accord Bolin v. Story, 225 F.3d 1234 (11th Cir. 2000)[discussing judicial immunity of United States District Judges and United States Circuit Judges]. Therefore, these Defendants all are entitled to summary dismissal as party Defendants from this lawsuit.

Moreover, the Defendant "All Other Judges of the SC District Court In Its Entirety" is a group of people, and as such is not even a Defendant amenable to suit under § 1983. Cf. Harden v. Green, 27 F. App'x 173, 178 (4th Cir. 2001)[finding that the medical department of a prison is not a person pursuant to § 1983]; Brown v. Busch, No. 4:13–CV–71 RM, 2013 WL 6199570 (Nov. 26, 2013)[finding that the Indiana General Assembly, composed of the Senate and the House of Representatives, was the exclusive unit of the Legislative branch of the State of Indiana and thus was not a "person" for purposes of § 1983]; Dalton v. South Carolina Dep't of Corr., C/A No. 8:09–260–CMC–BHH, 2009 WL 823931, at *2 (D.S.C. March 26, 2009)[dismissing the medical staff of SCDC and Prison Health Services as defendants because they were not persons]; Barnes v. Baskerville Corr. Cen. Med. Staff, No. 3:07CV195, 2008 WL 2564779 (E.D.Va. June 25, 2008) ["Plaintiff's allegations that unspecified prison personnel violated his rights does not adequately state



4

a § 1983 claim."]. Thus, the Defendant "All Other Judges of the SC District Court In Its Entirety" is also subject to summary dismissal for this additional reason.

Plaintiff has also named the Clerk of Court and what appears to be a deputy clerk of the Fourth Circuit Court of Appeals as party Defendants. Clerks of court are afforded quasi-judicial immunity from suit on claims involving "tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." Bush v. Rauch, 38 F.3d 842, 847 (6th Cir. 1994); see also Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) [Court Clerk is generally entitled to quasi-judicial immunity]; Wymore v. Green, 245 F. App'x 780, 783 (10th Cir. 2007) [Affirming District Court's grant of absolute quasi-judicial immunity to the state court clerk, who allegedly refused to file the prisoner's court documents]; Martin v. Rush, No. 13–693, 2013 WL 2285948, at * 5 (D.S.C. 2013) [Applying quasi-judicial immunity Clerk who allegedly failed to provide him with a hearing transcript despite his request]; Robinson v. McBride, No. 13–352, 2013 WL 2099491, at * 4 (D.S.C. 2013) [Applying quasi-judicial immunity to Clerk who allegedly failed to properly process Plaintiff's notice of appeal], adopted by, 2013 WL 2099707 (D.S.C. May 14, 2013), aff'd, 540 F. App'x 212 (4th Cir. 2013); Wiley v. Buncombe County, 846 F.Supp.2d 480, 485 (W.D.N.C. 2012) [Quasi-judicial immunity applied to Clerk who allegedly failed to deliver judge's writ of habeas corpus to the appropriate parties]. There is no indication in Plaintiff's pleading that these two individuals have engaged in any conduct for which they would not be entitled to immunity under this applicable caselaw. Therefore, these two individuals are also entitled to dismissal as party Defendants.

The last remaining Defendant, Tara Dawn Shurling, is a private attorney and therefore subject to summary dismissal because she is not a state actor under § 1983. An attorney, whether



5

retained, court-appointed, or a public defender, does not act under color of state law. See Polk County v. Dodson, 454 U.S. 312, 317-324 nn. 8-16 (1981)["A lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."]; Hall v. Quillen, 631 F.2d 1154, 1155–1156 & nn. 2–3 (4th Cir.1980)[court-appointed attorney]; Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) [private attorney].

Finally, it must also be noted that Plaintiff has failed to bring his case into proper form. By Order dated August 7, 2017, Plaintiff was given an opportunity to provide the necessary information and paperwork, to include a Financial Certificate and forms necessary to effect service, to bring the case into proper form for evaluation and possible service of process. ECF No. 8. Plaintiff was further specifically warned that failure to provide the necessary information within the timetable set forth in the Order would subject the case to dismissal. Plaintiff thereafter sent in a Financial Certificate and some partially completed forms for service, but despite being given specific instructions as to how to complete the forms and having been informed that the service forms Plaintiff previously submitted for Defendant Hood were incomplete and that he "must provide complete addresses for himself and for Defendants and not reference other documents or cases for such addresses" (ECF No. 8 at 3), Plaintiff again submitted summonses and Forms USM-285s that do not contain addresses for service of Defendants and do not contain Plaintiff's address. Thus, in the alternative, it is recommended that this action be dismissed, without prejudice, in accordance with Rule 41, Fed.R.Civ.P. See Link v. Wabash R.R. Co., 370 U.S. 626 (1962); Ballard v. Carlson, 882 F.2d 93, 95-96 (4th Cir. 1989), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990) [holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion].



6

## Recommendation

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process. This will allow Plaintiff to pursue any state law claims he believes he may have against these Defendants, if any, in state court, if he chooses to do so.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

September 14, 2017
Charleston, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

