IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Vincent Jerode Beaton, a/k/a Vincent J. Beaton, <br><br> Plaintiff, <br><br> vs. <br><br> Judge Robert E. Hood; Tara Dawn Shurling, P.A.; Judge Diaz; Judge Thacker; Judge Davis; Judge Gregory; Judge Duncan; Judge Hamilton; NFN Zannelli, 4th Circuit; Patricia Connors, 4th Circuit; Judge Howe Hendricks; Judge West; Judge Harwell; Judge Austin; Judge Wooten; Judge Merchant; Judge Seymour; Judge Hodges; Judge Gerbel; Judge Cain; All Other Judges of the S.C. District in Its Entirety , <br><br> Defendants. | Civil Action No. 9:17-cv-1157-CMC <br><br> **ORDER** |

This matter is before the court on Plaintiff's Complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings. On September 14, 2017, the Magistrate Judge issued a Report recommending this matter be summarily dismissed without prejudice, and without issuance and service of process. ECF No. 17. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff did not file objections and the time for doing so has passed.[1]

---

[1] Plaintiff did file a notice of address change that was received by the court on October 5, 2017, noting he has been at Ridgeland Correctional Institution since April 2017. ECF No. 20. However, the court was already aware of this change due to a letter Plaintiff sent in August from Ridgeland, and had updated Plaintiff's address accordingly. *See* ECF No. 11. The Report was sent to Plaintiff at Ridgeland, and was not returned to the court. Therefore, it appears Plaintiff received the Report

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After considering the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the Report's recommendation the Complaint be dismissed. As noted by the Magistrate Judge, the Judges and Judicial Clerk Defendants are entitled to judicial and quasi-judicial immunity. Defendant Shurling is not amenable to suit under § 1983 as she is not a state actor. Dismissing the § 1983 claim against the Defendants will allow Plaintiff to bring a state court claim, if he so wishes. Further, it does not appear Plaintiff would be able to amend his Complaint to allege any facts that would allow him to sue these Defendants.

---

but has not timely filed objections.

Accordingly, the court adopts the Report by reference in this Order. Plaintiff's Complaint is hereby dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina
October 11, 2017